**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| SUSAN AYERS and JOHN AYERS           ) | |
|                                                              ) | |
|      Plaintiffs,                            ) | |
|                                                              ) | |
| v.                                                         ) | Civil Action No. 3:10cv00112-HEH |
|                                                              ) | |
| NVR, INC. D/B/A RYAN HOMES,       ) | |
|  NVR MORTGAGE FINANCE, INC.,     ) | |
| NVR SETTLEMENT SERVICES, INC.,   ) | |
| FIRST GUARANTY MORTGAGE           ) | |
| CORPORATION, CITIBANK, N.A.,         ) | |
| MORTGAGE ELECTRONIC                  ) | |
| REGISTRATION SYSTEMS, INC.,         ) | |
| EMC MORTGAGE CORPORATION,        ) | |
| and EQUITY TRUSTEES, LLC,               ) | |
|                                                              ) | |
|     Defendants.                            ) | |
|                                                              ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
## BY EQUITY TRUSTEES, LLC

Defendant Equity Trustees, LLC, ("Equity Trustees"), by counsel, pursuant to Fed. R.

Civ. P. 12(b)(6), submits the following memorandum in support of its Motion to Dismiss.[1]

### ALLEGED FACTS

The Complaint alleges that the Plaintiffs obtained a residential mortgage loan from

defendant First Guaranty Mortgage Corporation ("FGMC") and, by deed of trust (the "Deed of

Trust"), granted a security interest in certain real property located in Fredericksburg, Virginia

(the "Property") to FGMC.  (Compl. ¶¶ 1,3-4.)  The Complaint further alleges that the Plaintiffs'

loan was evidenced by a note (the "Note"), (Compl. ¶ 10), and that FGMC "sold, discounted,

_____

[1] Equity Trustees understands that other defendants in this case will be filing motions to dismiss.
To the extent that those motions raise additional grounds that would also warrant dismissal of
Equity Trustees from this case, those motions are incorporated herein by reference.

1

endorsed, assigned servicing of the Note" to defendant EMC Mortgage Corporation ("EMC")

and/or defendant Citibank, N.A. as Trustee for Structured Assets Mortgage Investments II, Inc.,

Bear Stearns Alt-A Trust, Mortgage Pass-through Certificates Series 2007-3 ("Citibank"),

(Compl. ¶ 10).  By a deed of appointment of substitute trustee (the "Deed of Appointment")

Citibank appointed Equity Trustees as substitute trustee pursuant to the deed of trust.  (Compl. ¶

5.)

The Complaint contains no other factual allegations against Equity Trustees.

## STANDARD OF REVIEW

Equity Trustees brings this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  A

motion to dismiss tests the sufficiency of the plaintiff's initial pleading and does not resolve

contests surrounding the facts or the merits of a claim.  *See Republican Party of North Carolina*

*v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).  When considering a motion to dismiss, the court

should accept as true all well-pleaded factual allegations and should view the complaint in a light

most favorable to the plaintiff.  *See De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir.

1991).  However, the court need not accept as true the legal conclusions, unwarranted inferences,

unreasonable conclusions or arguments asserted in the complaint.  *Eastern Shore Mkts., Inc. v.*

*J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *Edwards v. City of Goldsboro*, 178

F.3d 231, 244 (4th Cir. 1999).  Furthermore, a "pleading that offers 'labels and conclusions' or 'a

formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 129 S.

Ct. 1937, 1949 (May 18, 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949

(quoting *Twombly*, 550 U.S. at 570); *see* Fed. R. Civ. P. 8(a)(2) (pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A claim is "factually plausible" when the claimant pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In *Iqbal*, the Supreme Court laid out a "two-pronged approach" for determining whether a complaint should survive dismissal. 129 S. Ct. at 1949-50.

> *First*, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will. . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Id.* (emphasis added).

Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. If any factual allegations remain, the Court should then review them to determine if the plaintiff has stated a plausible claim for relief. *Id.*

### ARGUMENT

The Complaint, which names eight defendants includes no separate counts or specific causes of action, is nothing more than an allegation that the Plaintiffs entered into a residential loan transaction followed by a list of legal conclusions and should accordingly be dismissed.

## I. The Complaint Contains No Allegations of Wrongdoing against Equity Trustees.

The Complaint's only factual allegation against Equity Trustees is that Equity Trustees was appointed as substitute trustee pursuant to the Deed of Trust secured by the Plaintiffs'

Property.  The Complaint also alleges that the Note secured by the Deed of Trust was "sold" to Citibank.  (Compl. ¶ 10.)  Va. Code § 8.3A-203(b) provides that "Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument."  And it is established Virginia law that "whenever the debt is assigned the deed of trust or mortgage is assigned or transferred with it."  *Williams v. Gifford*, 124 S.E. 403, 404 (Va. 1924).  Furthermore, Va. Code § 55-59 provides that the "party secured by the deed of trust, or the holders of greater than fifty percent of the monetary obligations secured thereby, shall have the right and power to appoint a substitute trustee or trustees for any reason and regardless of whether such right and power is expressly granted in such deed of trust." Therefore Citibank was entitled to appoint Equity Trustees as substitute trustee pursuant to the Deed of Trust.  The Complaint alleges nothing more than that Equity Trustees was properly appointed as substitute trustee.

## II.    Equity Trustees Was Not a Party to the Loan Transaction.

The Complaint does not allege that Equity Trustees had any involvement whatsoever with the Plaintiffs' loan transaction.  The loan transaction occurred on or about January 31, 2007, (Compl. ¶ 1), and Equity Trustees was not appointed as substitute trustee until October 10, 2008, (Compl. ¶ 5).  To the extent that the Complaint contains any allegations of wrongdoing against any of the defendants stemming from the loan transaction these allegations therefore do not apply to Equity Trustees.

## III.    The Complaint Fails to Allege Fraud Against Equity Trustees.

The Complaint contains the bare assertion that Equity Trustees "engaged in a pattern of fraud and deception."  (Compl. ¶ 10)  Rule 9(b) of the Federal Rules of Civil Procedure requires that a claimant plead fraud "with particularity."  Fed. R. Civ. P. 9(b); *Harrison v. Westinghouse*

*Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999).  Particularity requires that claimant state

"the time, place and contents of the false representations, as well as the identity of the person

making the misrepresentation and what he obtained thereby."  *Harrison*, 176 F.3d at 784

(citations omitted); *see also U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370,

379 (4th Cir.2008).  The Complaint fails to meet the requirements of Fed. R. Civ. P. 9(b).

Furthermore, the Complaint fails to allege *any* of the elements of a fraud claim against

Equity Trustees.  In Virginia, in order to succeed on a claim for fraud, a party must show "(1) a

false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent

to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled."  *State*

*Farm Mut. Auto. Ins. Co. v. Remley*, 270 Va. 209, 618 S.E.2d 316, 321 (Va. 2005) (citations

omitted); *see also Frank Brunckhorst Co., L.L.C. v. Coastal Atlantic, Inc.*, 542 F. Supp. 2d 452,

460 (E.D. Va. 2008) (quoting *Winn v. Aleda Constr. Co.*, 227 Va. 304, 308, 315 S.E.2d 193

(1984)).  The Complaint does not allege facts which support any of the elements of a fraud claim

against Equity Trustees.

### CONCLUSION

Equity Trustees respectfully requests that the Court grant its Motion to Dismiss and enter

an Order dismissing the Plaintiff's claims with prejudice and granting any other legal or

equitable relief the Court deems appropriate.


Respectfully Submitted,


EQUITY TRUSTEES, LLC

By: _____/s/ Joseph M. LeNoir_____
Joseph M. LeNoir (VSB No. 75124)
Bierman, Geesing, Ward & Wood, LLC
8100 Three Chopt Road, Suite 240
Richmond, Virginia 23229
(804) 282-0463 t.
(804) 282-0541 f.
joseph.lenoir@bgw-llc.com
*Counsel for Defendant Equity Trustees, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of February, 2010, I electronically filed the foregoing Memorandum in Support of Motion to Dismiss via the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Christopher E. Brown, Esq.
R. Michael Smith, Esq.
Brown, Brown & Brown, P.C.
6269 Franconia Road
Alexandria, Virginia 22310
brownfirm@lawyer.com
*Counsel for the Plaintiffs*

John J. Dwyer, Esq.
DLA Piper LLP (US)
1775 Wiehle Avenue
Suite 400
Reston, Virginia 20190-5159
john.dwyer@dlapiper.com
*Counsel for Defendants NVR, Inc., NVR Mortgage*
*Finance, Inc., and NVR Settlement Services, Inc.*

Andrew Richard Louis, Esq.
Buckley Sandler LLP
1250 24th St, NW
Suite 700
Washington, DC 20037
alouis@buckleysandler.com
*Counsel for Defendant First Guaranty*
*Mortgage Corporation*

Michael R. Sklaire, Esq.
Virginia E. Robinson, Attorney at Law
GREENBERG TRAURIG, LLP
1750 Tysons Blvd., Suite 1200
McLean, Virginia 22102
robinsonv@gtlaw.com
*Counsel for Defendants EMC Mortgage*
*Corporation and Mortgage Electronic*
*Registration Systems, Inc.*

I further certify that that on this 25th day of February, 2010, I sent the foregoing Memorandum in Support of Motion to Dismiss by first class mail, postage pre-paid to the following:

Citibank, N.A.
c/o CT Corporation System, Registered Agent
4701 Cox Road
Glen Allen, Virginia 23060

          /s/ Joseph M. LeNoir
Joseph M. LeNoir (VSB No. 75124)
Bierman, Geesing, Ward & Wood, LLC
8100 Three Chopt Road, Suite 240
Richmond, Virginia 23229
(804) 282-0463 t.
(804) 282-0541 f.
joseph.lenoir@bgw-llc.com
*Counsel for Defendant Equity Trustees, LLC*